IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                                    CR-90-354-01-MA

        Plaintiff,                                              OPINION AND ORDER

    v.

CARLOS ORANTES-ARRIAGA,

        Defendant.

MARSH, J.

On November 6, 1991, I sentenced defendant to life imprisonment based on his multiple-count conviction for conspiracy to possess heroin with the intent to distribute, illegal re-entry, aiding and abetting the production of false identification documents, unlawful use of a communications facility, and money laundering. This sentence was reached upon my finding of a base offense level of 40 for 267.9 kilograms of heroin, a two level enhancement for weapons found in connection with the drug conspiracy, a two level enhancement for obstruction of justice based on his trial testimony, and a four level enhancement for his role as a leader of an organization with five or more participants. This led to a total offense level of 44. I determined that defendant's criminal history category was IV, resulting in sentencing range of life.

In November of 1994, the United States Sentencing Commission amended the drug quantity guidelines by eliminating all levels above a 38. See USSG Amendment 505, App. C. Under 18 U.S.C. § 3582©) and USSG § 1B1.10©), Amendment 505 is eligible for retroactive application. Defendant now moves for a reduction in his life sentence to a term of years, based

Page -1- OPINION AND ORDER

upon Amendment 505. He argues that this court should reduce his original sentence based upon a recalculation using a drug quantity level of 38, and after considering the factors in 18 U.S.C. § 3553(a). Specifically, defendant contends that his imprisonment has been harsher than usual because he has been assaulted a number of times in prison, and he allegedly suffers from brain damage and psychological problems.

There is no dispute that this court has jurisdiction to resentence defendant under 18 U.S.C. § 3582©)(2) and Amendment 505. However, the parties disagree whether the Supreme Court's recent decision in United States v. Booker, 543 U.S. 220 (2005), which gives this court authority to impose any sentence it deems proper, given the considerations of 18 U.S.C. § 3553, applies to this case.

In its response memorandum, the government relied on case law from the First, Eighth and Eleventh Circuits[1], applying a two-part analysis when considering a motion for modification of sentence based on an amended guideline provision. See United States v. Jordan, 162 F.3d 1 (1998); United States v. Hasan, 245 F.3d 682 (8th Cir. 2001); United States v. Bravo, 203 F.3d 778 (11th Cir. 2000). The government argued that after applying part one of this analysis recalculating the sentence under the amended guideline, the sentencing range for defendant would still be life imprisonment. The government correctly asserted that under this line of cases, section 3553(a) factors should be considered only for purposes of determining whether to impose the newly calculated sentence, not as grounds for additional departure. See Hasan, 245 F. 3d at 685; Bravo, 203 F.3d 781; Jordan, 162 F.3d at 5. Thus, according to the government, in part two of the analysis the court should decline to exercise its discretion to impose a new sentence

---

[1] There is no Ninth Circuit precedent to apply.

because the new sentence would be the same as the original.  Following oral argument, the government conceded that these cases predate <u>Booker</u>, and argued that this court now has authority to impose any sentence it deems proper, given the considerations of 18 U.S.C. § 3553.  The government nevertheless maintains that defendant should be resentenced to life, or a term of imprisonment of 400 months.

According to defendant, this court need not decide whether <u>Booker</u> applies retroactively because under the Ninth Circuit's analysis in <u>United States v. Ameline</u>, 409 F.3d 1073, 1079 (2005), if the court has jurisdiction over the case and the issue is properly before it, the court should apply the law in effect at the time of appeal.  Defendant acknowledges that the court in <u>Ameline</u> dealt with a case that was pending appeal at the time <u>Booker</u> was announced, and that the Ninth Circuit in <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005) held that <u>Booker</u> does not apply retroactively to cases that were final when <u>Booker</u> was decided.  Nevertheless, defendant argues that as in <u>Ameline</u>, this court properly has jurisdiction over defendant's case, and his motion for resentencing is properly before the court for the first time, therefore the court should apply the law "now in effect" and "consider the factors in § 3553(a) without limitation by the mandatory guidelines and to determine whether to impose the same sentence where the guidelines are only advisory."  Thus, although defendant contends that this court need not decide whether <u>Booker</u> applies to this case, his argument is premised on the assumption that it does.  I disagree.

Since defendant's case was final at the time <u>Booker</u> was announced, he is not entitled to resentencing under the now-advisory guidelines.  Though the parties and the court have been unable to locate case law directly on point, two analogous cases and one unpublished case out of

Page -3- OPINION AND ORDER

the Fifth Circuit have denied motions for resentencing under Booker where the cases were not on appeal at the time Booker was announced.  See United States v. Olivares, 162 Fed. Appx. 368 (5th Cir. 2006), United States v. Wilson, 158 Fed. Appx. 595 (5th Cir. 2005); United States v. Castorena, 2006 WL 449025.  Accordingly, in deciding whether to resentence defendant under Amendment 505, I do not consider the factors under section 3553(a), nor the alleged changed circumstances of defendant's confinement, as grounds for additional departure.  Since defendant's recalculated sentence results in a sentencing range of life, I decline to exercise my discretion to resentence him.

## CONCLUSION

For the reasons given above, defendant's motion for modification of sentence (Doc. #820) is DENIED.

IT IS SO ORDERED.

Dated this  21   day of June, 2006.

 /s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge