IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:90-cr-00354-MA-1 |
| Plaintiff, | Related Case No. 3:16-cv-02414-MA |
| v. | OPINION AND ORDER |
| CARLOS HUMBERTO ORANTES-ARRIAGA, | |
| Defendant. | |

MARSH, Judge

Defendant, an inmate confined at Tucson USP, moves to reduce his sentence pursuant to

§ 3582(c), or to vacate his sentence or conviction pursuant to 28 U.S.C. §§ 2241 and 2255. For the

reasons set forth below, Defendant's Motion is dismissed for lack of jurisdiction.

## BACKGROUND

On June 26, 1991, a jury convicted Defendant of Conspiracy to Possess with Intent to

Distribute Heroin, Illegal Re-entry, Aiding in the Production of a False Driver's License, Traveling

Interstate Commerce with Intent to Distribute Heroin (two counts), Aiding in the Possession with

Intent to Distribute Heroin (six counts), Possession with Intent to Distribute Heroin, Use of a

Communication Device in the Commission of a Felony Conspiracy (seven counts), Attempted

Money Laundering, Aiding the Attempted Travel in Interstate Commerce to Carry on an Unlawful

Activity, Aiding in the Attempted Laundering of Monetary Instruments, and Attempting to Distribute

Heroin. Verdict (ECF No. 422).

On November 6, 1991, this Court sentenced Defendant to life imprisonment on Count One

(Conspiracy to Possess with Intent to Distribute Heroin) and to a forty-eight month term of

imprisonment on each remaining count, to be served concurrently with the sentence imposed on

Count One. J. (ECF No. 531). This Court's sentencing calculation was premised on a base offense

level of 40 and a criminal history category IV. Tr. of Sentencing (ECF No. 603) at 3996-97; Findings

of Fact (ECF No. 532) at 3-4; Def.'s Exs. (ECF No. 866), Ex. M at 19-21. This Court imposed a

two-level enhancement for weapons found related to the drug conspiracy, a four-level enhancement

for Defendant's role as a leader of a criminal activity with five or more participants, and a two-level

enhancement for obstruction of justice, resulting in a total offense level of 48. Tr. of Sentencing at

3997-99; Findings of Fact at 3-4. With regard to the sentence enhancement for obstruction of justice,

this Court stated:

> Mr. Orantes, I feel did commit untruthful testimony during the trial, particularly in
> putting the government to the extensive proof of negating his spurious allegations
> that the government had in some way been involved with the Mexican authorities in
> his arrest and alleged treatment by the Mexican authorities. And therefore, I am
> enhancing Mr. Orantes two levels.

Tr. of Sentencing at 3997. Based on Defendant's criminal history category of IV, the resulting

sentencing guideline range was life. Tr. of Sentencing at 3999. The Ninth Circuit affirmed

Defendant's conviction and sentence. *United States v. Orantes-Arriaga*, 998 F.2d 1491 (9th Cir.

1993).

On April 9, 1997, Defendant filed his first § 2255 motion challenging the legality of both his conviction and sentence. Mot. to Vacate (ECF No. 712). This Court denied Defendant's Motion and the Ninth Circuit affirmed on appeal. Order (ECF No. 793), J. and Mandate (ECF No. 809).

On January 11, 2006, Defendant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. §§ 3582(c) and Sentencing Guideline Amendment 505. Def.'s Mot. for Modification of Sentence (ECF No. 820) at 1. Sentencing Guideline Amendment 505 reduced the highest base offense level for drug offenses from 42 to 38. In his Motion, Defendant conceded that if his sentencing guideline range was recalculated under Amendment 505, he would have a total offense level of 46 which would still result in a sentence guideline range of life. Def.'s Mot. for Modification of Sentence at 3.

On June 21, 2006, this Court exercised its discretion to deny Defendant's Motion for Modification. Op. and Order (ECF No. 820) at 4. On August 1, 2007, the Ninth Circuit vacated this Court's decision and remanded with instructions to dismiss Defendant's Motion *for lack of jurisdiction.* The Court explained:

> Even though Amendment 505 retroactively lowered the offense level that applied to Orantes, the sentencing range that would have applied to him-automatic life imprisonment-remained the same. Therefore, § 3582(c)(2), which creates jurisdiction where the "sentencing range" has been lowered, did not confer jurisdiction on the district court to resentence in this case. *See also* U.S.S.G. § 1B1.10(a) (tying resentencing to the "guideline range applicable to [the] defendant").

*United States v. Orantes-Arriaga*, 244 F. App'x 151, 152 (9th Cir. 2007). In the instant proceeding, Defendant again seeks relief pursuant to § 3582(c)(2) and, in the alternative, pursuant to 28 U.S.C. §§ 2241 and 2255.

///

///

## DISCUSSION

The government's investigation of Defendant's drug trafficking began in 1986 and extended through 1990 as set forth by the Ninth Circuit in *United States v. Arias-Villanueva*, 998 F.2d 1491 (9th Cir. 1993). On November 2, 1990, Defendant was arrested by U.S. officials after accepting $20,000 from an informant for the delivery of thirty ounces of cocaine. *Id.* at 1500.

At trial, Defendant testified that on August 7, 1990 (prior to his arrest in the United States), he was in Mexico. Defendant testified that Mexican Federal Police arrested him, tortured him, interrogated him about his drug activities and his associates in the United States, forced him to call an associate in Seattle, told him that they arrested him based on information from the DEA, and stated that the "gringos" wanted him but not in his tortured condition. Def.'s Ex. A; *see Arias-Villanueva*, 998 F.2d at 1508. Defendant testified that he bribed the Mexican officials with $120,000 in order to obtain his release. Def's Ex. A at 22-23. Agents of the U.S. Customs Service and Drug Enforcement Administration (DEA) testified that the DEA and Customs Service were not involved in the investigation of Defendant in Mexico leading to his arrest, interrogation, and torture in that country. Def.'s Exs. B, C and D.

In the instant proceeding, Defendant submits newly discovered 1990 teletypes sent by the Portland DEA Office to several other DEA Offices and to the American Embassies in Guatemala City, Mexico City, and Bogata, Columbia. The teletypes, sent prior to Defendant's arrest in the United States, advised the recipients of the DEA's investigation of Defendant and requested "subscriber information" on several telephone numbers associated with Defendant. Def.'s Exs. H-J. Defendant argues that "[t]he DEA Portland office's request for investigative assistance through federal actors in Mexico, who would have necessarily contacted Mexican counterparts with access to telephonic data, directly contradicts the government's testimony at trial." Def.'s Mot. and Mem.

at 9. Defendant concludes that "every aspect of representation - from discovery and investigation to plea negotiations to trial strategy to sentencing - would have been profoundly different if the true facts had been known." *Id.* at 14. Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2) and, in the alternative, under 28 U.S.C. §§ 2241 and 2255, to prevent "the manifest injustice of a sentence to life without parole tainted by violations of the government's constitutional obligations to provide exculpatory information to the defense, to refrain from presenting false testimony, and to assure that government actors have no involvement in coercive interrogation and torture." *Id.* at 1.

## I.     18 U.S.C. § 3582(c)(2)

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (*quoting* 18 U.S.C. § 3582(c)); *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017). However, 18 U.S.C. § 3582(c)(2) authorizes a court to apply a retroactive amendment to the Sentencing Guidelines to reduce a defendant's sentence under the following circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered by the Sentencing Commission* . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

"When considering a § 3582(c)(2) motion, a district court must apply a 'two-step inquiry.'" *United States v. Gallegos-Raymundo*, No. 15-30099, 2017 WL 2198159, at *1 (9th Cir. May 18, 2017) (*quoting United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)). First, the court must determine whether the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *United States v. Ornelas*,

825 F.3d 548, 549 (9th Cir. 2016); *Rodriguez-Soriano*, 855 F.3d at 1042; *Dunn*, 728 F.3d at 1155. When determining the applicable guideline range, the court does not consider any departures or variances. *Ornelas*, 825 F.3d at 552-55. If a guideline amendment does not actually lower a defendant's sentencing range, he fails at step one of the inquiry and the sentencing court lacks jurisdiction to modify his sentence. *Id.* at 550 (citing U.S.S.G. § 1B1.10(a)(2)(B)). At step two, the court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence modification is warranted. *Id.*

In his current Motion, Defendant moves the Court to reduce his sentence pursuant to § 3582(c) in order to remedy alleged constitutional violations. *See id.* at 14-22.[1] Defendant argues that "the Court is free to consider that, based on [both] the four-level retroactive reduction in the offense level *and* [the] elimination of the two-level obstruction enhancement, the offense level would now be 44 . . . and that considering the profound effect of the new information, a downward departure or variance would be appropriate." *Id.* at 23. Defendant urges the Court to construe § 3582(c) broadly to "encompass[] equitable remedial action to prevent the government from benefitting from its constitutional violations at the price of an unconstitutional life without parole sentence." *Id.* The government argues that this Court lacks jurisdiction under the law-of-the-case doctrine.

Regardless of whether law-of-the-case doctrine applies in this context, this Court concludes that the jurisdictional basis invoked by the Ninth Circuit when dismissing Defendant's first Motion to Reduce his Sentence applies with equal force to his present Motion, i.e., that the retroactive application of Amendment 505 would not result in a lower guideline sentencing range. *See Orantes-*

---

[1] This Court agrees with Defendant's assertion that there is no rule barring this Court's consideration of a second motion to reduce pursuant to § 3582(c). *See United States v. Trujillo*, 713 F.3d 1003, 1006-07 (9th Cir. 2013) (holding that court had jurisdiction to consider second § 3582(c)(2) motion).

*Arriaga*, 244 F. App'x at 1. Accordingly, this Court lacks jurisdiction under § 3582(c)(2) to modify his sentence. *See Dillon*, 560 U.S. at 827; *Ornelas*, 825 F.3d at 550.[2]

In so holding, this Court rejects Defendant's assertion that the Court can broadly construe § 3582(c)(2) to encompass an equitable remedy to prevent the government from benefitting from its alleged constitutional violations. The Supreme Court has held that the text and narrow scope of § 3582(c)(2) "shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826; *see Rodriguez-Soriano*, 855 F.3d at 1045 (noting narrow scope of § 3582(c)(2)); *cf. United States v. Aguilar-Canche*, 835 F.3d 1012, 1017 (9th Cir. 2016) (holding that § 3582(c)(2) did not authorize court to reconsider the consecutive nature of the defendant's sentence). Accordingly, to the extent that Defendant seeks relief pursuant to § 3582(c)(2), the motion is dismissed for lack of jurisdiction.

## II.    28 U.S.C. § 2255

A defendant is generally limited to one motion under § 2255 and may not bring a second or successive motion unless a panel of the appropriate Court of Appeals certifies that he may do so. 28 U.S.C. §§ 2244(a) and 2255(h). The requirement that a defendant obtain authorization from the circuit court to file a second or successive § 2255 motion is jurisdictional. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). In the instant proceeding, the government argues that this Court lacks

---

[2] Defendant disputes the Court's consideration of a 1986 Illegal Re-entry conviction in calculating Defendant's criminal history category "[b]ecause it occurred after the 'commencement of the instant offense' and was 'part of the instant offense,' [and therefore] was not a 'prior sentence' within the meaning of the criminal history guidelines and Application Note 1 to U.S.S.G. § 4A1.2(a)(1)." Def.'s Mot. and Mem. (ECF No. 861) at 8. Claims of sentencing error, however, are not cognizable under § 3582(c)(2). *Dillion v. United States*, 560 U.S. 817, 831 (2010); *United States v. Huerta-Macias*, No. 16-50273, 2017 WL 2378225, at *1 (9th Cir. June 1, 2017).

jurisdiction because Defendant has not obtained authorization from the Ninth Circuit as required by § 2255(h).

In response, Defendant contends that "this Court has jurisdiction under 28 U.S.C. § 2255 to consider the merits of [his] *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] and *Napue* [*v. Illinois*, 360 U.S. 264 (1959)] claims under the 'second-in-time' doctrine recognized by both Ninth Circuit and Supreme Court authority." Def.'s Reply at 4. Relying on *United States v. Lopez*, 577 F.3d 1053 (9th Cir. 2009), Defendant argues that his § 2255 motion should not be considered second or successive so as to require § 2255(h) authorization because (1) "literal interpretation of the [Antiterrorism and Effective Death Penalty Act's] procedural limitations would work a manifest injustice;" (2) "the purpose of the AEDPA are fully served by the grant of habeas relief in this case;" and (3) "this case would easily be reviewable under pre-AEDPA jurisdictional rulings on miscarriages of justice and casue-and-prejudice." Def.'s Mot. and Mem. at 26-28.

In *Lopez*, the Ninth Circuit recognized that "[g]iven the nature of *Brady* claims, petitioners often may not be at fault for failing to raise the claim in their first habeas petition." 577 F.3d at 1064. However, the Court ultimately concluded that the defendant did not demonstrate that the suppressed evidence was material and "left open" the more difficult question whether federal courts have jurisdiction to consider a subset of meritorious *Brady* claims that federal courts would have considered on the merits under the pre-AEDPA abuse-of-writ but that would be barred under a literal reading of "second or successive" in § 2255(h)(1). *Id.* at 1056, 1066-68.

This Court finds that the Ninth Circuit's later decision in *Gage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015), construing *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011), to be controlling on the issue of whether Defendant's § 2255 Motion is successive despite the fact that it raises constitutional claims based on newly-discovered evidence. In *Gage*, the Ninth Circuit held that

whether a habeas petition raising a *Brady* claim is successive depends upon whether the factual

predicate of the claim came into being after the first habeas petition, or was ripe at the conclusion

of the first habeas proceeding but discovered afterward. 793 F.3d at 1165. The Court concluded that

in the later circumstances, when the factual predicate existed at the time of the first petition, the

petition is second or successive:

> [Petitioner] argues first that he need not satisfy § 2244(b)(2) because his new petition is not a "second or successive" petition within the meaning of the AEDPA. The Supreme Court has indicated that "second or successive" is "a habeas 'term of art' that incorporates the pre-AEDPA abuse-of-the-writ doctrine." *United States v. Buenrostro*, 638 F.3d 720, 724 (9th Cir.2011) (per curiam) (*quoting Magwood v. Patterson*, 561 U.S. 320, 332–33, 344–45, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)). Depending on the substance of the underlying constitutional claim, a second-in-time petition may or may not be considered second or successive under § 2244(b)(2). In *Panetti v. Quarterman*, for example, the Supreme Court considered a second-in-time petition that argued carrying out the petitioner's capital sentence would be unconstitutional under *Ford v. Wainwright* because the petitioner had developed a mental illness rendering him insane. The Court concluded that the petition was not second or successive, because the factual predicate for the *Ford* claim did not exist at the time the petitioner filed his first petition—because at that time the petitioner was not yet insane. According to the Court, this interpretation of § 2244(b)(2) made sense because "[a]n empty formality requiring prisoners to file unripe ... claims neither respects the limited legal resources available to the States nor encourages the exhaustion of state remedies."

> [Petitioner] contends that his new petition falls into the *Panetti* exception and does not qualify as a second or successive petition. In *Buenrostro*, however, we adopted a constrained reading of *Panetti's* reach. *Buenrostro* involved a would-be petitioner seeking to bring a second-in-time habeas petition alleging ineffective assistance of counsel based on newly discovered evidence.In considering whether such a petition would be subject to the second-or-successive bar under 28 U.S.C. § 2255(h),*we distinguished between petitions containing claims, the factual predicate of which came into being after the first habeas petition—such as the mental incompetency claim in Panetti—and those containing "claims that were ripe at the conclusion of a first [habeas] proceeding but were not discovered until afterward"*—such as the ineffective assistance of counsel claim in *Buenrostro*. We held that the second category of claims, those in which the factual predicate existed at the time of the first habeas petition, indeed qualify as second or successive under the AEDPA.

> *Buenrostro* forecloses Gage's argument. The factual predicate for Gage's
> *Brady* claim developed, at the latest, when the state trial judge commented on the
> contents of Marian's medical records. The predicate for the ineffective assistance of
> counsel claim matured at trial. This is not a case where the basis for the would-be
> petitioner's second petition did not exist or was unripe when the first petition was
> filed. Thus, the *Panetti* exception to § 2244(b)(2)'s plain text does not apply.
>
> We acknowledge that Gage's argument for exempting his Brady claim from
> the § 2244(b)(2) requirements has some merit. Under our precedents as they currently
> stand, prosecutors may have an incentive to refrain from disclosing Brady violations
> related to prisoners who have not yet sought collateral review. But as a three-judge
> panel, we are bound to follow the teaching of *Buenrostro*.

793 F.3d at 1164-65 (emphasis added, internal quotations omitted); *see also Prince v. Lizarraga*, No.

CV 15-04222-R (DTB), 2016 WL 922636, at *5 (C.D. Cal. Feb. 4, 2016) (holding that "[i]n light

of the Ninth Circuit's explicit refusal to resolve whether all second-in-time *Brady* claims must satisfy

the AEDPA's gatekeeping requirements, [the] petitioner [had] not shown that he is exempt from the

gatekeeping provisions of Section 2244(b).").

In light of the holding in *Gage*, this Court concludes that Defendant's § 2255 motion is

successive and subject to the § 2255(h) certification requirement because the claims were ripe but

undiscovered during the course of first § 2255 proceeding. Accordingly, this Court lacks jurisdiction

absent certification by the Ninth Circuit that Defendant may file a successive § 2255 motion.[3]

## III.    28 U.S.C. § 2241

Defendant's final avenue for possible relief is § 2241. Defendant argues that this Court has

§ 2241 jurisdiction under the "escape hatch" of 28 U.S.C. § 2255(e). Def.'s Reply at 5. Further,

Defendant argues that "nothing in § 2241(a) limits this Court's authority over its own judgment,"

and that under the Rules of Joinder this Court has jurisdiction over his § 2241 claim "because only

---

[3] Because Defendant is represented by counsel and is pursuing varying jurisdictional
avenues for relief, the interests of justice do not warrant transfer of this case to the Ninth Circuit
to obtain certification. *See* Ninth Circuit Rule 22-3(a).

this Court has jurisdiction to decide the Amendment 505 motion and the alternative § 2255 motion." *Id.* at 6. Finally, Defendant argues that if his motion were filed in Arizona, his place of confinement, "the only logical disposition would be transfer of the matter to this Court to decide the appropriate remedy for the constitutional violations that occurred." *Id.*

It is well settled that "[a] motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). The one exception, referred to as the "escape clause," provides that a federal prisoner may file a § 2241 petition if his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 818; *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

"[A] § 2241 petition is available under the escape hatch of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Muth*, 676 F.3d at 819 (internal quotations omitted); *Marrero*, 682 F.3d at 1192. "To establish actual innocence for the purposes of habeas relief, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotations omitted); *Marrero*, 682 F.3d at 1192-93. The Ninth Circuit has yet to decide whether a federal prisoner may use the escape hatch of § 2255 to raise a legal challenge to a *noncapital sentencing enhancement*. *See Dorise v. Matevousian*, No. 16-15822, 2017 WL 2834450, at *1 (9th Cir. June 28, 2017); *Marrero*, 682 F.3d at 1193.

Although Defendant argues that the newly discovered teletypes would have impacted his trial and sentencing, this Court concludes that he has failed to demonstrate that he is "actually innocent" of any of his crimes of conviction. Moreover, assuming that a defendant can be "actually innocent" of a sentencing enhancement, this Court concludes that Defendant has failed to demonstrate that it

is more likely than not that no reasonable juror could find that he obstructed justice for purposes of the sentencing enhancement. In so holding, this Court weighs the testimony of Defendant, the testimony of the federal officers, and the fact that the newly discovered teletypes were addressed to DEA divisions and American embassies only and were limited to requesting "subscriber information" for various telephone numbers. Although the teletypes undoubtedly would have been relevant evidence, a reasonable juror could conclude that, based on the federal officers' testimony and the limited nature of the teletypes, that U.S. officials were not involved in the investigation of Defendant in Mexico leading to his arrest, interrogation, and torture by the Mexican Federal Police. Accordingly, this Court lacks § 2241 jurisdiction under the escape clause of §2255. *See Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003) (holding that because the petitioner failed to meet his burden under the escape clause of § 2255, the § 2241 petition is dismissed for lack of jurisdiction).

## CONCLUSION

Based on the foregoing, Defendant's Motion to Reduce Sentence or, in the Alternative, Vacation of Sentence or Conviction (ECF No. 861) is DISMISSED, for lack of jurisdiction. To the extent that Defendant's Motion is properly construed as a § 2255 Motion, this Court grants a Certificate of Appealability on the issue of whether Defendant's Motion is successive.

IT IS SO ORDERED.

DATED this _10_ day of August, 2017.

Malcolm F. Marsh
United States District Judge